### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------

| | |
|---|---|
| RAKEEM CONOVER<br>6122 Gillespie Street, Apt. 2<br>Philadelphia, PA 19135       : | CIVIL ACTION NO.: _____ |
|       : | |
|      Plaintiff,       : | **JURY TRIAL DEMANDED** |

RAKEEM CONOVER                                  :
6122 Gillespie Street, Apt. 2                   :        CIVIL ACTION NO.: _____
Philadelphia, PA 19135                          :

              Plaintiff,        :        **JURY TRIAL DEMANDED**

    v.                                         :

1050 RAW, LLC d/b/a                             :
CRABBY CAFÉ AND SPORTS BAR                      :
1050 North Hanock Street                        :
Philadelphia, PA 19123; AND                     :

CHIYE TIMOTHY LU                                :
1031 Germantown Ave                             :
Philadelphia, PA 19123                          :
                         :

          Defendants.        :

------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Rakeem Conover ("Plaintiff"), by and through his undersigned counsel, for his complaint against Defendants 1050 Raw, LLC d/b/a Crabby Café and Sports Bar ("Defendant Ranchitos") and Chiye Timothy Lu ("Defendant Lu") (collectively, "Defendants"), alleges as follows:

1.      Plaintiff brings this action contending that Defendants have violated his rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. 333.100, *et seq.* by failing to pay him overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek as required under the FLSA and PMWA.  Plaintiff further contends that Defendants discriminated against him and ultimately terminated his employment in retaliation for his internal

complaints regarding Defendants' failure to properly pay overtime compensation in violation of the FLSA.

## PARTIES

2.      Plaintiff Rakeem Conover is a citizen of the United States and Pennsylvania and currently maintains a residence at 6122 Gillespie Street, Apt. 2, Philadelphia, PA 19135.

3.      Upon information and belief, Defendant 1050 Raw, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address currently registered with the Pennsylvania Secretary of State of 1033 North 2nd Street, Suite 2A, Philadelphia, PA 19123.  Upon information and belief, Defendant 1050 Raw, LLC, in which Defendant Lu maintains an ownership interest, owns and operates, and/or has owned and operated, multiple restaurant and entertainment venues within the City of Philadelphia, including, but not limited to, Crabby Café and Sports Bar, located at 1050 North Hanock Street, Unit 1, Philadelphia, PA 19123; Monarch Philly, located at 1031 Germantown Ave, Philadelphia, PA 19123; Coreanos Philly, located at 1016-1018 Race Street, Philadelphia, PA 19107; Vesper Sporting Club, located at 223 S Syndenham Street, Philadelphia, PA 19102; and Vesper Dayclub, located at 1031 Germantown Ave, Philadelphia, PA 19123.

4.      Upon information and belief, Defendant Lu is an owner and managing member of Defendant 1050 Raw, LLC.  Upon information and belief, Defendant Lu maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over the business locations owned and operated by Defendant 1050 Raw, LLC (including the locations identified above in paragraph 3), exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state

wage and hour laws, of the employees of Defendant 1050 Raw, LLC d/b/a Crabby Café and Sports Bar, including, but not limited to, Plaintiff.

5.   Upon information and belief, Defendant Lu was an "employer" of Plaintiff for purposes of the FLSA and PMWA because he had operational control over significant aspects of Defendant 1050 Raw, LLC d/b/a Crabby Café & Sports Bar's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, was ultimately responsible for ensuring Defendant 1050 Raw, LLC's compliance with the FLSA and PMWA, and was directly involved with the decision-making process with respect to Plaintiff's hiring, compensation, and termination.

6.   Defendants 1050 Raw, LLC and Chiye Timothy Lu are "private employers" and covered by the FLSA and PMWA.

7.   During the course of his employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA in that he performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

8.   Plaintiff was employed by Defendant 1050 Raw, LLC and Defendant Chiye Timothy Lu during all relevant times hereto and, as such, Plaintiff was an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

9.   Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10.   This action is authorized and instituted pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

13.     The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S OVERTIME CLAIMS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     Plaintiff first began his employment with Defendants in or around April 21, 2013, when he was hired as Cook.

16.     In his capacity as Cook, prior to January 2016, Plaintiff's normal schedule with Defendants was as follows: Monday, Tuesday, and Wednesday, 3:00 PM to 10:00 PM; Friday, 3:00 PM to 12:00 AM; Saturday, 11:00 AM to 12:00 AM; and Sunday, 11:00 AM to 10:00 PM.

17.     Accordingly, during a typical workweek, prior to January 2016, Plaintiff worked approximately fifty-four (54) hours per week.

18.     Despite the fact that Plaintiff thus worked approximately fourteen (14) hours of overtime per week, Defendants did not pay Plaintiff at a rate not less than 1.5 times his "regular rate" of pay as required by the FLSA and PMWA.

19.     Instead, Plaintiff received a flat rate (initially $75, and then $90) per shift worked.

20.     As a result, during a typical workweek, prior to January 2016, Plaintiff received only $540.00 for approximately fifty-four (54) hours of work.

21.    In or around January 2016, Defendants changed Plaintiff's method of compensation from a flat, daily rate, to a weekly salary of $660.00.

22.    From January 2016 until his termination in December 2016, Plaintiff's normal schedule with Defendants was as follows: Monday, Tuesday, and Wednesday, 3:00 PM to 10:00 PM; Friday, 3:00 PM to 12:00 AM; Saturday, 4:00 PM to 12:00 AM; and Sunday, 12:30 PM to 10:30 PM.

23.    Accordingly, during a typical workweek, from January 2016 to December 2016, Plaintiff worked approximately forty-eight (48) hours per week.

24.    Despite the fact that Plaintiff thus worked approximately eight (8) hours of overtime per week, Defendants did not pay Plaintiff at a rate not less than 1.5 times his "regular rate" of pay as required by the FLSA and PMWA.

25.    Instead, Plaintiff received the same weekly salary irrespective of his actual hours worked.

26.    By way of example, during the workweek of October 10, 2016 to October 16, 2016, Plaintiff worked approximately forty-eight (48) hours, but did not receive any overtime compensation for the hours he worked over forty (40).

27.    Upon information and belief, Defendants did not accurately track Plaintiff's work hours and did not keep or maintain accurate records regarding Plaintiff's actual hours worked.

28.    Plaintiff's primary job duties consisted of manual labor relating to food preparation.

29.    Prior to January 2016, Plaintiff was not compensated on a salary or fee basis, and, as such, did not qualify for the exemption for executive, administrative, or professional employees under the FLSA or PMWA.

30.    During the course of his employment, Plaintiff did not have the authority to hire or fire or exercise any managerial or supervisory authority over other employees of Defendants, nor did he make recommendations with respect to employee status changes to which Defendants lent significant weight.  As such, Plaintiff did not qualify for the executive exemption from overtime under the FLSA or PMWA.

31.    Plaintiff did not perform non-manual or office work related to Defendants' general business operations or management, nor did he exercise discretion or independent judgment as to matters of significance to Defendants.  As such, Plaintiff did not qualify for the administrative exemption from overtime under the FLSA or PMWA.

32.    Plaintiff's primary job duty was not the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.  As such, Plaintiff did not qualify for the professional exemption from overtime under the FLSA or PMWA.

33.    Furthermore, there are no other exemptions from overtime or the minimum wage under the FLSA or PMWA that are even potentially applicable to Plaintiff.

34.    Plaintiff was thus a non-exempt employee of Defendants and was entitled to receive overtime compensation at 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek.

35.    Despite the fact that Plaintiff typically worked between forty-eight (48) and fifty-four (54) hours per week, Plaintiff did not receive overtime compensation for work performed in excess of forty (40) hours per week.

36.     Defendants were aware that Plaintiff, along with other employees of Defendants, was entitled to overtime compensation, but intentionally chose not to comply with the requirements of the FLSA.

37.     As a result of Defendants' willfully unlawful practices as described above, Plaintiff has suffered damages.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S RETALIATION CLAIM

38.     Paragraphs 1 through 37 are hereby incorporated by reference as though the same were fully set forth at length herein.

39.     In or around January 2016, Plaintiff approached Defendant Chiye Timothy Lu, owner of 1050 Raw, LLC d/b/a Crabby Café and Sports Bar, and asked why he was not being paid overtime compensation.

40.     In response, Defendant Lu told Plaintiff, "I'll fix it."

41.     However, shortly thereafter, Defendants' payroll administrator told Plaintiff, "We don't have overtime here."

42.     From January 2016 until December 2016, Plaintiff periodically inquired about whether Defendant intended to "fix" the issue and begin paying him and other cooks overtime compensation as required by the FLSA.

43.     In or around December 2016, Plaintiff again approached Defendant Lu about Defendants' failure to pay overtime compensation.

44.     Apparently agitated by Plaintiff's complaint, Defendant Lu warned Plaintiff, "You're in for a rude awakening. You guys [referring to Plaintiff other cooks who were not receiving overtime compensation] won't have jobs."

45.     Shortly after Plaintiff's complaint, Defendant Lu terminated Plaintiff, along with another cook who had complained about Defendants' failure to pay overtime, telling them, "I don't have any hours for you."

46.     Upon information and belief, notwithstanding Defendant Lu's assertions, there was a continuing need for Plaintiff's services.

47.     Plaintiff engaged in protected activity under the FLSA by submitting internal complaints regarding Defendants' failure to pay overtime compensation as required by the statute.

48.     It is believed and therefore averred that Defendants terminated Plaintiff's employment in retaliation for engaging in protected activity in violation of the FLSA.

49.     As a result of Defendants' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

50.     Paragraphs 1 through 49 are hereby incorporated by reference as though the same were fully set forth at length herein.

51.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

52.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

53.     Defendants failed to pay Plaintiff overtime compensation for each hour he worked over forty (40) in a workweek at a rate not less than the greater of 1.5 times his regular rate of pay.

54.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

55.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

56.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a)      Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked over forty (40) in a workweek;

b)      Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

c)      Awarding Plaintiff liquidated damages in accordance with the FLSA;

d)      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

e)      Awarding pre- and post-judgment interest and court costs as further allowed by law;

f)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

57.     Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

59.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

60.     By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

61.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a)      An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

b)      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

c)      An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 215, *et seq.*
### RETALIATION

62.      Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

63.      Plaintiff engaged in protected activity under the FLSA by submitting internal complaints regarding Defendants' failure to pay overtime compensation in accordance with the statute.

64.      Following Plaintiff's complaints about Defendants' failure to pay overtime compensation, Defendant Lu threatened to terminate Plaintiff's employment with Defendants.

65.      Shortly thereafter, Defendants terminated Plaintiff's employment for reasons which are clearly pretextual.

66.      By reason of the foregoing, Defendants, through their agents, officers, servants, and/or employees have violated the FLSA by discharging Plaintiff in retaliation for engaging in protected activity under the FLSA by submitting internal complaints about Defendant's failure to comply with the overtime compensation provisions of the statute.

67.      As a result of Defendants deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings

11

potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant him the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

b)      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

c)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

d)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

f)      Pre-judgment interest in an appropriate amount;

g)      Such other and further relief as is just and equitable under the circumstances.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:      _____

Michael Murphy, Esquire
Michael Groh, Esquire

12

Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: (267) 273-1054
murphy@phillyemploymentlawyer.com
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: July 2, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.