**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Rakeem Conover | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 2:18-CV-02836 |
| | : | |
| 1050 Raw, LLC d/b/a Crabby Café and Sports Bar | : | |
| | : | |
| and | : | JURY TRIAL DEMANDED |
| | : | |
| Chiye Timothy Lu | : | |
| | : | |
| Defendant. | : | |

**ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

Defendants 1050 Raw, LLC d/b/a Crabby Café and Sports Bar and Chiye Timothy Lu, ("Defendant 1050 Raw," "Defendant Lu," or collectively "Defendants") by their attorneys Spruce Law Group, LLC, answers the Complaint of Plaintiff Rakeem Conover ("Conover" or "Plaintiff") as follows:

1.      Denied.  Denied as conclusions of law to which no response is required.  To the extent any response is required, the allegations are denied.

**PARTIES**

2.      Admitted upon information and belief.

3.      Admitted in part and denied in part.  Admitted that Defendant 1050 Raw, LLC is a Pennsylvania limited liability company; that Defendant Lu was a managing member and that it operated Crabby Café (which no longer is in operation).  Denied Defendant 1050 Raw, LLC operated any other of the restaurants or venues listed in this paragraph.

4.      Admitted in part and denied in part.  Admitted Defendant Lu was managing member of 1050 Raw, LLC.  Remaining allegations are denied.  By way of further response, day-to-day operations were delegated to two other individuals.

5.      Denied as conclusion of law to which no response is required.

6.      Denied as conclusions of law to which no response is required.

7.      Denied as conclusions of law to which no response is required.

8.      Admitted in part and denied in part.  Admitted that Plaintiff was employed by Defendant 1050 Raw.  The remaining allegations are denied as conclusions of law to which no response is required.

<u>**JURISDICTION AND VENUE**</u>

9.      Defendants incorporate their responses to paragraphs 1 through 8 above as though fully set forth herein.

10.     Denied as conclusions of law to which no response is required.

11.     Denied as conclusions of law to which no response is required.

12.     Denied as conclusions of law to which no response is required.

13.     Denied as conclusions of law to which no response is required.

<u>**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S OVERTIME CLAIMS**</u>

14.     Defendants incorporate their responses to paragraphs 1 through 13 above as though fully set forth herein.

15.     Admitted hired as cook and was approximate hire date.

16.     Denied.

17.     Denied.

18.     Denied.  It is denied Plaintiff worked any overtime hours.  Remaining allegations denied as a conclusion of law to which no response is required.

19.     Admitted paid on a flat rate basis. After reasonable investigation, as of the date of this filing, Defendants are unable to confirm the exact dates and amounts. By way of further response, Crabby Café ceased operations in February 2018.

20.     Admitted in part and denied in part.  Admitted paid a fixed rate but denied as to number of hours worked per week.

21.     Admitted in part and denied in part.  Admitted method of compensation changed from a flat rate to salary. Denied salary paid weekly. After reasonable investigation, as of the date of this filing, Defendants are unable to confirm the exact salary amounts. By way of further response, Crabby Café ceased operations in February 2018.

22.     Denied.

23.     Denied.

24.     Denied.  It is denied Plaintiff worked any overtime hours.  Remaining allegations denied as a conclusion of law to which no response is required.

25.     Admitted.

26.     Admitted in part and denied in part.  Admitted that Plaintiff did not receive overtime pay but denied he was entitled to any overtime pay as he did not work overtime.

27.     Denied.

28.     Admitted.

29.     Denied as a conclusion of law to which no response is required.

30.     Admitted in part and denied in part.  Admitted that Plaintiff did not have any supervisory duties or authority.   The remaining allegations are denied as a conclusion of law to which no response is required.

31.     Admitted in part and denied in part.  Admitted except to the extent the allegations form a conclusion of law to which no response is required.

32.     Admitted in part and denied in part.  Admitted except to the extent the allegations form a conclusion of law to which no response is required.

33.     Denied as a conclusion of law to which no response is required.

34.     Denied as a conclusion of law to which no response is required.

35.     Admitted in part and denied in part.  It is admitted Plaintiff was not paid overtime compensation.  It is denied Plaintiff worked any overtime hours.

36.     Denied.

37.     Denied.

**FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S RETALIATION CLAIMS**

38.     Defendants incorporate their responses to paragraphs 1 through 37 above as though fully set forth herein

39.     Admitted except after reasonable investigation Defendants cannot recall the actual date Plaintiff approached Defendant Lu.

40.     Denied.

41.     Denied.

42.     Admitted that Plaintiff made multiple inquiries regarding overtime pay but after reasonable investigation Defendants cannot recall the actual dates.

43.     Admitted except after reasonable investigation Defendants cannot recall the actual date Plaintiff approached Defendant Lu.

44.     Admitted in part and denied in part.  Admitted a conversation occurred regarding the operation of the restaurant and the expense associated with payroll of Plaintiff and others. The remaining allegations are denied.

45.     Admitted in part and denied in part.  Admitted Plaintiff was terminated but denied as to the reasons.  By way of further response, Plaintiff was terminated for cause.

46.     Denied.

47.     Denied as a conclusion of law to which no response is required.

48.     Denied.

49.     Denied.

**COUNT I**
**FAIR LABOR STANDARD ACT**
**29 U.S.C § 201 _et seq._**
**FAILURE TO PAY OVERTIME COMPENSATION**

50.     Defendants incorporate their responses to paragraphs 1 through 49 above as though fully set forth herein.

51.     Denied as a conclusion of law to which no response is required.

52.     Denied as a conclusion of law to which no response is required.

53.     Denied.

54.     Denied as a conclusion of law to which no response is required

55.     Denied as a conclusion of law to which no response is required

56.     Denied.

WHEREFORE, Defendants respectfully requests judgment in their favor and against Plaintiff as to Count I along with its costs and other relief as the Court may award.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333 *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

57.     Defendants incorporate their responses to paragraphs 1 through 56 above as though fully set forth herein.

58.     Denied as a conclusion of law to which no response is required.

59.     Denied as a conclusion of law to which no response is required.

60.     Denied.

61.     Denied.

WHEREFORE, Defendants respectfully requests judgment in their favor and against Plaintiff as to Count II along with its costs and other relief as the Court may award.

**COUNT III**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333 *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

62.     Defendants incorporate their responses to paragraphs 1 through 61 above as though fully set forth herein.

63.     Denied as a conclusion of law to which no response is required.

64.     Denied.

65.     Denied as a conclusion of law to which no response is required.

66.     Denied as a conclusion of law to which no response is required.

67.     Denied as a conclusion of law to which no response is required.

6

WHEREFORE, Defendants respectfully requests judgment in their favor and against Plaintiff as to Count III along with its costs and other relief as the Court may award.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims in Count I for alleged violations of the Fair Labor Standards Act for non-payment of overtime fail to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims in Count II for alleged violation of the Pennsylvania Minimum Wage Act fail to state any claims upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims in Count III for alleged retaliation in violation of the Fair Labor Standards Act fail to state any claims upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the applicable statutes of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims as to individual liability against Defendant Lu under each count must fail as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for a legitimate non-retaliatory lawful reason unrelated to any claims of overtime or any pay discussions.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant to the Complaint, Defendant Lu did not exert day-to-day managerial direction or control regarding the day-to-day labor decisions for 1050 Raw, LLC d/b/a Crabby Café, including but not limited to decisions regarding compensation, as those duties were delegated to two other onsite individuals.

Date: December 21, 2018                    Respectfully submitted,

_____
Andrew N. Howe, Esquire, I.D. No. 56337
SPRUCE LAW GROUP, LLC
1622 Spruce Street
Philadelphia, PA  19103
(267) 546-0615
ah@sprucelaw.com
*Attorneys for Defendants*